UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
**BRENDA LEE**,

                Plaintiff,

   -against-

**BROOKLYN HOSPITAL, BROOKLYN HOSPITAL DOCTOR**; **FEMALE SPANISH CLERK RECEPTIONIST**,

                Defendants.
----------------------------------------------------------x

**ORDER**
24-CV-381 (AMD) (JAM)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff filed this action alleging a violation of her constitutional rights at Brooklyn Hospital in Brooklyn, New York. (ECF No. 1.)[1] The Court dismissed the complaint on January 30, 2024 and granted the plaintiff leave to amend.[2] (ECF No. 8.) On March 6, 2024, the plaintiff filed an amended complaint and added "Brooklyn Hospital Doctor" and "Female Spanish Clerk Receptionist" as defendants. (ECF No. 9.) The plaintiff also filed a motion for extension of time "to be able to present the case in a more professional and sufficient manner," (ECF No. 10), which Magistrate Judge Joseph Marutollo denied the next day because "[the plaintiff's] letter does not specify the deadline that she is referring to nor does it specify how much additional time that she needs." (*ECF Order dated March 7, 2024*).

For the following reasons, the complaint is dismissed.

---

[1] This action was transferred to this Court from the Southern District of New York on January 11, 2024. (ECF No. 5.)

[2] The Court also granted the plaintiff's January 3, 2024 application to proceed *in forma pauperis*.

1

**STANDARD OF REVIEW**

The district court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555 (citations omitted).  Further, if the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

**DISCUSSION**

The plaintiff's original complaint stated, in its entirety: "[b]reach of contract, right to know violated my constitutional rights; o[m]ission, 1st a[mendment], 14th amendment caused mental & emotional distress. Deformity. Etc."  (ECF No. 1 at 5.)  The Court dismissed the complaint because it "[did] not provide sufficient information to put the defendant on notice of what it is alleged to have done."  (ECF No. 8 at 2–3 (citing Fed. R. Civ. P. 8(a)).)  The Court also

instructed that Brooklyn Hospital is a private hospital[3] and cannot be held liable for a constitutional violation under 42 U.S.C § 1983.[4]  The Court gave the plaintiff 30 days to file an amended complaint.  (*Id.* at 3–4.)

In her amended complaint, the plaintiff adds "Brooklyn Hospital Doctor" and "Female Spanish Clerk Receptionist" as defendants, and says that they violated her "constitutional rights."  The plaintiff claims that she

> entered Brooklyn Hospital Emergency Room thugs continuously harrass [sic] me etc.  They told me I was going to have a problem.  Dr. checks me [x[rays/MRI all cleared.  He suggest a Lapioscroptoray [sic] (small incision) on my stomach 'I agree.'"  I woke up in a nightmare.  I couldn't move my body.  I was cut from above my belly to my 'vagina.'"  I was given no reason why.  I was never diagnosed, & I was told all is good . . . up & down the hallway the Spanish receptionist states 'snitches get stiches.'  'My stomach is forever scar[r]ed.'"

(ECF No. 9 at 5.)  She does not include the date on which these things happened.  The Court construes the amended complaint to bring either a Section 1983 claim, or a claim for medical malpractice.

As explained in the Court's January 30, 2024 Order and Memorandum, to the extent that the plaintiff is claiming that Brooklyn Hospital or any doctor employed there violated her constitutional rights, 42 U.S.C. § 1983 requires her to allege that (i) the challenged conduct was "committed by a person acting under color of state law," and (ii) such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United

---

[3] *See* The Brooklyn Hospital Center Home Page, https://www.tbh.org/about-us (last visited April 4, 2024).  The Court takes judicial notice of this website.  *Cf. Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

[4] The Court construed the complaint to assert a Section 1983 violation; the complaint did not identify a specific cause of action.[5]  Because the Court does not have jurisdiction, the plaintiff's medical malpractice claims are dismissed without prejudice.  *Moore v. Brooklyn Hosp. Ctr.*, No. 22-CV-04208, 2022 WL 16798230, at *3 (E.D.N.Y. Nov. 8, 2022).  In any event, the Court does not grant the plaintiff leave to submit a second amended complaint.

3

States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). However, Brooklyn Hospital is a private hospital, and "is generally not considered a state (for section 1983 actions) or federal (for *Bivens* actions) actor." *Anthony v. Med. Staff at Inst.*, No. 16-CV-1122, 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016) (quoting *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010)); *see also Kia P. v. McIntyre*, 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] Hospital was not a state actor when it provided medical care to [plaintiff]."); *Abdul-Rahman v. Brooklyn Hosp. Ctr.*, No. 10-CV-1697, 2010 WL 1838607, at *1 (E.D.N.Y. Apr. 30, 2010) ("[Brooklyn Hospital] is a private entity and its employees are private parties, not state actors."). Even reading the complaint to assert the strongest arguments it suggests, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d. Cir. 2015), there is no demonstrable action that could be attributed to the state. As such, the plaintiff's Section 1983 claims are dismissed with prejudice. *See Reed v. Suffolk Cty Corr.*, No. 22-CV-7579, 2023 WL 1863370, at *3 (E.D.N.Y. Feb. 9, 2023) (citing 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1)). Similarly, the unidentified defendants—"Brooklyn Hospital Doctor" and "Female Spanish Clerk Receptionist"—are private individuals, and there are no facts to show that their actions could be attributed to the state.

If the plaintiff means to bring a medical malpractice claim, the amended complaint must also be dismissed because "[c]laims for negligence and medical malpractice arise under state law, and a federal court generally will not have original jurisdiction over the claims unless complete diversity exists." *Reyes v. New York Presbyterian Hosp.*, No. 20-CV-3046, 2020 WL 6161261, at *2 (E.D.N.Y. Oct. 21, 2020); *Urena v. Wolfson*, No. 09-CV-1107, 2010 WL

5057208, at *13 (E.D.N.Y. Dec. 6, 2010). The plaintiff and defendants all appear to be citizens of New York; thus, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332.[5]

Accordingly, the amended complaint is dismissed.

### LEAVE TO AMEND

The Court gave the plaintiff an opportunity to amend, and she did not cure any of the original complaint's deficiencies. The defendants may not be sued under Section 1983, and—absent facts establishing complete diversity—the Court does not have subject matter jurisdiction over the plaintiff's claims of medical malpractice. Thus, notwithstanding the plaintiff's *pro se* status, the Court declines to grant leave to amend a second time, because amendment would be futile. *See Ward v. City of NY Mayor*, No. 23-CV-5237, 2023 WL 5179630, at *2 (E.D.N.Y. Aug. 11, 2023) (declining leave to amend complaint alleging Section 1983 claims against private parties); *Gross v. Intratek Comput. Inc.*, No. 22-CV-07440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (noting that "[w]here a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate"); *Burke v. Verizon Commc'ns, Inc.*, No. 18-CV-4496, 2020 WL 6538748, at *8 (S.D.N.Y. Nov. 6, 2020).

---

[5] Because the Court does not have jurisdiction, the plaintiff's medical malpractice claims are dismissed without prejudice. *Moore v. Brooklyn Hosp. Ctr.*, No. 22-CV-04208, 2022 WL 16798230, at *3 (E.D.N.Y. Nov. 8, 2022). In any event, the Court does not grant the plaintiff leave to submit a second amended complaint.

5

## CONCLUSION

The complaint is dismissed without leave to amend. The Clerk of Court is respectfully directed to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED**.

s/Ann M Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: April 4, 2024
       Brooklyn, New York